United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**FILED**
July 22, 2011

Lyle W. Cayce
Clerk

No. 11-30100
Summary Calendar

D.C. Docket No. 2:10-CV-4162

RICHARD LAY,

    Petitioner - Appellant

v.

ROBERT TANNER, Warden,

    Respondent - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before KING, JOLLY, and GRAVES, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed as frivolous.

ISSUED AS MANDATE: AUG 15 2011

___ Fee
___ Process
_X_ Dktd
___ CtRmDep
___ Doc. No.

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
    Deputy

New Orleans, Louisiana

AUG 15 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2011

Lyle W. Cayce
Clerk

No. 11-30100
Summary Calendar

RICHARD LAY,

        Petitioner-Appellant

v.

ROBERT TANNER, Warden

        Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-4162

Before KING, JOLLY and GRAVES, Circuit Judges.

PER CURIAM:[*]

    Richard Lay has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. To obtain leave to proceed IFP on appeal, Lay must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

    Lay wishes to argue on appeal that the district court erred in denying his motion for release pending disposition of his 28 U.S.C. § 2254 application. Lay contends that he is entitled to release because his § 2254 application has a high

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probability of success on its merits; Lay argues that he should be granted his release because he has made a substantial showing that his claims warrant habeas relief.

Release pending disposition of a 28 U.S.C. § 2254 application will be granted only when the applicant has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective. *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). Regardless of the merits of Lay's claims, upon which the district court has not yet ruled, he has failed to identify any "extraordinary or exceptional circumstances" that necessitate his release to make the habeas remedy effective. The district court did not err by denying Lay's motion for release.

Lay has not demonstrated that he will raise a nonfrivolous issue on appeal. His motion for leave to proceed IFP on appeal is DENIED. Lay's appeal is DISMISSED as frivolous pursuant to 5th Cir. R. 42.2. In light of the dismissal of the appeal, Lay's motion to correct his appellate brief is DENIED.

IFP MOTION DENIED; MOTION TO CORRECT APPELLATE BRIEF DENIED; APPEAL DISMISSED.